OPINION
{¶ 1} On August 24, 2001, appellee, Joanna Pingue, filed a complaint alleging her granddaughter, Katherine Allen born June 21, 1990, to be a dependant and neglected child, and seeking custody of the child. Mother of the children is appellant, Diana Allen, and father is Thomas Allen.
 {¶ 2} A hearing was held on November 19, 2001. By judgment entry filed November 27, 2002, the trial court found the child to be dependent, and granted temporary custody of the child to appellee with visitation to appellant and Mr. Allen.
 {¶ 3} A review hearing was held on April 24, 2002. By judgment entry filed May 7, 2002, the trial court found appellant "abandoned" the child and granted legal custody to appellee.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE COURT SUB JUDICE ERRED AS A MATTER OF LAW WHEN IT GRANTED LEGAL CUSTODY TO JOANNA PINGUE AS JOANNA PINGUE FAILED TO FILE A WRITTEN MOTION WITH THE COURT REQUESTING LEGAL CUSTODY OF KATHERINE AS REQUIRED BY R.C. § 2151.353."
 II {¶ 6} "THE COURT SUB JUDICE ABUSED ITS DISCRETION WHEN IT MODIFIED OF ITS CUSTODY ORDER FROM TEMPORARY CUSTODY IN JOANNA PINGUE TO LEGAL CUSTODY IN JOANNA PINGUE BASED UPON ITS FINDING OF FACT THAT KATHERINE ALLEN IS AN `ABANDONED CHILD' AS SAID ABANDONMENT FINDING WAS NOT BASED UPON COMPETENT, CREDIBLE EVIDENCE AND, THUS, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 7} Appellant claims the trial court erred in awarding legal custody of the child to appellee without such a motion having been filed and served upon appellant. We disagree.
 {¶ 8} In granting appellee legal custody of the child, appellant argues the trial court violated R.C. 2151.353 which states in pertinent part the following:
 {¶ 9} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 {¶ 10} "* * *
 {¶ 11} "(2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home or in any other home approved by the court;
 {¶ 12} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child."
 {¶ 13} Appellant argues appellee did not file a motion requesting legal custody of the child prior to the dispositional hearing therefore, the trial court erred in awarding legal custody to appellee.
 {¶ 14} This matter arose with the filing of a private complaint of neglect and dependency by appellee, the child's maternal grandmother. The complaint alleged appellant had a serious gambling problem and as a result, was unable to provide adequate care and supervision to the child. See, Complaint filed August 24, 2001. Appellee requested temporary custody of the child. No mention was made of legal custody. By judgment entry filed November 27, 2001, the trial court found the child to be dependant and granted temporary custody to appellee.
 {¶ 15} Clearly R.C. 2151.353 was not followed. However, we find such a failure not to be fatal to the trial court's decision in this case. The underlying rationale of R.C. 2151.353(A)(3) is to afford all parties the opportunity to receive adequate notice of all potential custodians. In re Moorehead (1991), 75 Ohio App.3d 711, 717. In this case, appellant was aware of all the potential custodians, received adequate notice of the trial court's intention to review the custody issue and participated in the hearings.
 {¶ 16} On November 29, 2001, the trial court filed a judgment entry wherein it set a hearing for December 3, 2001 on the "issue of Custody and visitation for review." Appellant was served this notice via her attorney, Nicholas Mango, and was in attendance at the hearing. Following this hearing, the trial court ordered supervised visitation for appellant and stated "[t]he previous orders remain in effect." See, Judgment Entry filed December 4, 2001.
 {¶ 17} A review hearing was held on January 17, 2002. Appellant was not present for the hearing, but was represented by counsel. The trial court heard evidence regarding appellant's minimal contact with the child and lack of compliance with counseling to address her gambling addiction. January 17, 2002 T. at 3-6.
 {¶ 18} Another review hearing was held on April 24, 2002. Again, appellant was not present for the hearing, but was represented by counsel. During this hearing, it was established that appellant was not addressing the problems that made her child a dependent child. T. at 8. The trial court then asked "Do you want to make it than a (sic) on-going dependency case for purposes of unification, or do you want it to be a custody order?" Id. Appellee's counsel stated a custody order "would probably be preferable at this point because I don't see her making any progress." T. at 8-9. However, appellee's counsel noted appellee "wants her to be with her mother of father. She's done this, you know, out of the love of her heart. She doesn't want to raise another child in this time of life." T. at 10. Appellant's counsel remained silent on the issue. At the conclusion of the hearing, the trial court placed the child with appellee "as a final dispositional order and that jurisdiction of her custody, visitation and support will be in this court then from now on in." By judgment entry filed May 7, 2002, the trial court found appellee "requests custody of Katherine Marie Allen as a final order of disposition." The trial court went on to order "[c]ustody of Katherine Marie Allen shall be placed with Joanne Pingue," and continued the supervised visitation for appellant and reasonable visitation for Mr. Allen. The trial court also stated "there will be no further review hearing then except upon motion or request by someone." Id. at 14.
 {¶ 19} Pursuant to R.C. 2151.417(B), a juvenile court which issues a dispositional order "has continuing jurisdiction over the child as set forth in division (E)(1) of section 2151.353 of the Revised Code. The court may amend a dispositional order in accordance with division (E)(2) of section 2151.353 of the Revised Code at any time upon its own motion or upon the motion of any interested party."
 {¶ 20} Although R.C. 2151.353(A)(3) was not followed, we find the trial court did not err in granting legal custody to appellee given the ample notice afforded appellant and the court's continuing jurisdiction pursuant to R.C. 2151.417(B).
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court's decision to grant appellee legal custody was against the manifest weight of the evidence. We disagree.
 {¶ 23} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9. Furthermore, an award of legal custody shall not be reversed on appeal absent an abuse of discretion. In re Guedel S. (June 16, 2000), Lucas App. No. L-99-1343. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 24} Appellant argues the trial court's finding of abandonment was not based upon competent, credible evidence.
 {¶ 25} R.C. 2151.011(C) states "[f]or the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."
 {¶ 26} Appellant did not appear at the January 17, 2002 and April 24, 2002 hearings. Appellant was aware of the April 24, 2002 through discussions with appellee, but declined to attend. April 24, 2002 T. at 6. Mr. Allen stated he believed appellant was in Las Vegas playing in the World Series of Poker. Id. at 7. Although appellee admitted appellant does talk to the child by phone, there is evidence that appellant does not contribute to the support of the child. Id. at 7, 13. Appellant had very little contact with the child and failed to follow through with the supervised visitations between the December 4, 2001 supervised visitation order and the January 17, 2002 hearing. January 17, 2002 T. at 3-4. As of the April 24, 2002 hearing, appellant visited the child one time since the December 4, 2001 order for supervised visitation. April 24, 2002 T at 10-11. Appellee stated the reason appellant came to her home was because "[s]he needed something that I had to give her." Id. at 11.
 {¶ 27} Clearly, the record contradicts the bright line test established in R.C. 2151.011(C). Appellee admitted at the April 24, 2002 hearing that appellant had just spoken to the child. It is conceivable the trial court considered all of the various facts presented in the numerous hearings and paralleled them to de facto abandonment as is evidenced in the trial court's findings of fact filed November 28, 2001.
 {¶ 28} Because the trial court did not terminate appellant's parental rights or responsibilities, we find there was no error in the use of the word "abandoned" when in fact the trial court predicated the finding upon the acknowledgment of all the evidence heard since the August 24, 2001 filing of the complaint.
 {¶ 29} Upon review, we find the trial court did not abuse its discretion in granting legal custody to appellee.
 {¶ 30} Assignment of Error II is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: legal custody to grandmother — no formal motion filed; manifest weight.